UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F. J. MILLER,

        Plaintiff,                      Case No. 1:18-cv-905

v.                                            Hon. Paul L. Maloney

INTERURBAN TRANSIT
PARTNERSHIP, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is now before the Court on *pro se* plaintiff's motion for a temporary restraining order ("TRO") which he incorporated in his complaint. *See* Compl. (ECF No. 1).[1]

**I.    Background**

Plaintiff's complaint alleged, among other things, that defendants Interurban Transit Partnership ("Partnership"), the City of Grand Rapids ("Grand Rapids"), and Grand Valley State University ("GVSU") are "longtime co conspirators and federal grant recipients," who have engaged in "elderabuse, elderlooting, extravagance and brazen disenfrachisement" of "Catholic city bus rate [sic] riders 7, 8, 10, 12, 14, 15, 16, 18 as well as black riders on black routes 1, 2, 3, 4, 5 and 14" in violation of "RICO Act of 1970 (as patterns of corrupt practices and policies), as well as under the Older Americans Act of 1965, Title VI of the 1964 Civil Rights Act and fundamental 14th Amendment equal protections." Compl. at PageID.1-3. Plaintiff's complaint seeks a TRO and a permanent injunction defendants Partnership, Grand Rapids, and GVSU, asking the Court (1) to

---

[1] This case has been referred to the undersigned for handling of all matters under § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B). *See* Order (ECF No. 3).

enter an order to enjoin a recent 56% fare hike, (2) to enjoin "facilitating federal funding of the $70 million 'Laker Line'" into Allendale, Michigan, (3) to halt "procurement of '1100' series non fill city buses with sealed, inoperable windows", and, (4) to "retain jurisdiction over all unanswered transit reports officially noted in City Hall minutes" (presumably those filed by plaintiff). *Id*. at PageID.1-3, 17 (emphasis omitted). The Court notes that defendant Grand Rapids has appeared in this action.

## II. TRO

Pursuant to Fed. R. Civ. P. 65(b)(1),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974). *See First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) ("The normal circumstance for which the district court would be justified in proceeding ex parte is

where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found.").

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

Here, plaintiff has not provided an affidavit or verified complaint to support his claim for a TRO as required by Fed. R. Civ. P. 65(b)(1)(A). For this reason alone, his motion for a TRO should be denied. In addition, Fed. R. Civ. P. 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." While the language of Rule 65(c) appears to be mandatory, "the rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security." *Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995). Based on his allegations, plaintiff's requested relief would have a significant financial impact on one or more of the defendants. However, he has neither given any security under Rule 65(c) nor addressed the issue. In this regard, plaintiff has not filed a supporting brief to explain his entitlement to this extraordinary relief as required by W.D. Mich. LCivR 7.1(a)

("[a]ll motions, except those made during a hearing or trial, shall be accompanied by a supporting brief"). Accordingly, plaintiff's motion for a TRO should be denied.

### III.    Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for a TRO (ECF No. 1) be **DENIED**.

Dated:  August 17, 2018        /s/ Ray Kent
                               RAY KENT
                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).