UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| F.J. MILLER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-905 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| INTERURBAN TRANSIT PARTNERSHIP, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENATION
### And
## DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

As part of his complaint, Plaintiff F.J. Miller requested a temporary restraining order. Plaintiff is proceeding without the benefit of counsel. Relying on 28 U.S.C. § 636 and Local Rule 72, the Court referred the lawsuit to the magistrate judge. The magistrate judge reviewed the motion and issued a report recommending the motion for a temporary restraining order be denied. (ECF No. 4.) Plaintiff filed objections. (ECF No. 8.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed Plaintiff's objections.

1. Because Plaintiff is proceeding without counsel, this Court must liberally construe his pleadings and other filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). The United States Supreme Court has cautioned that this rule does not relieve a pro se litigant of the obligation to follow the procedural rules:

> we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

*McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). The Sixth Circuit and other circuit courts have held the same. "[T]he lenient treatment generally accorded to pro se litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and pro se parties must "follow the same rules of procedure that govern other litigants," *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). *See, e.g., In re Sharwell*, 129 F.3d 1265 (6th Cir. Oct. 30, 1997) (unpublished table opinion) ("While Sharwell was proceeding pro se and may not have fully understood the rules of procedure, he was still required to comply with the rules; his pro se status does not exempt him from compliance."); *accord Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se parties are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

2. The Court notes that Plaintiff has not addressed the first reason identified by the magistrate judge for denying the motion for a temporary restraining order. Rule 65 of the


Federal Rules of Civil Procedure obligates the moving party to file either a verified complaint or an affidavit as part of the motion for injunctive relief. Plaintiff has done neither. The magistrate judge accurately outlined this procedural requirement. Plaintiff did not object.

    3. Objection 1 – Refusal of Reference to the Magistrate Judge.

Plaintiff objects to the reference or referral of matters to the magistrate judge. Plaintiff's objection is overruled. A district court may refer a lawsuit or individual motions to the magistrate judge. *See* 28 U.S.C. § 636. For the types of motions listed in § 636(b)(1)(A), the magistrate judge must submit to the district court a report with proposed findings of fact and with recommendations. *Id.* § 636(b)(1)(B). Here, the Court referred the entire lawsuit to the magistrate judge, who then issued a report and recommendation addressing Plaintiff's motion for injunctive relief. The consent provision, § 636(c), does not apply here. *See Roell v. Withrow*, 538 U.S. 580, 585 (2003) (describing § 636(b)(1) as "nonconsensual referrals of pretrial but case-dispositive matters."). Under the consent provision, the parties may agree to have the magistrate judge resolve their disputes, even when the matter is not referred to the magistrate judge by the district. *See id.* The consent provision does not function as a means for the parties veto an otherwise proper referral. *See Holt-Orsted v. City of Dickson*, 641 F.3d 230, 234 (6th Cir. 2011) ("[A] § 636(b) referral does not require the consent of the parties in the first place.").

    4. Other Matters.

Because Plaintiff did not meet the procedural requirements for a temporary restraining order, and because the referral to the magistrate judge was proper, the Court need not address any of the remaining issues raised in Plaintiff's objection.

For these reasons, the R&R (ECF No. 4) is **ADOPTED** as the Opinion of this Court.

Plaintiff's motion for a temporary injunction is **DENIED. IT IS SO ORDERED.**

Date: September 4, 2018          /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 United States District Judge