UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F. J. MILLER,

        Plaintiff,                Case No. 1:18-cv-905

v.                                       Hon. Paul L. Maloney

INTERURBAN TRANSIT
PARTNERSHIP, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This *pro se* lawsuit is now before the Court on motions to dismiss filed by defendants Grand Valley State University (ECF No. 9) and Interurban Transit Partnership (ECF No. 12), and an amended motion to dismiss filed by defendant City of Grand Rapids (ECF No. 20). The motions are unopposed.[1]

**I.    Background**

Plaintiff's complaint alleged, among other things, that defendants Interurban Transit Partnership ("Partnership"), the City of Grand Rapids ("Grand Rapids"), and Grand Valley State University ("GVSU") are "longtime co conspirators and federal grant recipients," who have engaged in "elderabuse, elderlooting, extravagance and brazen disenfrachisement" of "Catholic city bus rate [sic] riders 7, 8, 10, 12, 14, 15, 16, 18 as well as black riders on black routes 1, 2, 3, 4, 5 and 14" in violation of "RICO Act of 1970 (as patterns of corrupt practices and policies), as well as under the Older Americans Act of 1965, Title VI of the 1964 Civil Rights Act and

---

[1] After defendants filed their motions, plaintiff filed a motion to transfer venue. The Court has addressed this motion in a separate order.

fundamental 14th Amendment equal protections." Compl. at PageID.1-3.  The City's amended brief summarized the myriad of claims brought by plaintiff:

> Miller's complaint lists many grievances with respect to what he alleges are recent changes to the Rapid's operation: (1) an increase in fares resulting from capping the number of transfers a rider may make on a single ticket; (PageID.6); (2) the addition of a bus line running from downtown Grand Rapids to Defendant GVSU's Allendale, Michigan, campus (the Laker Line) (PageID.1); (3) replacement of existing buses with buses with windows that do not open (PageID.3.); (4) "disenfranchisement" of bus riders of "Catholic" and "black routes" (*id.*); (5) "gerrymandering" of Defendant ITP's board resulting in disproportionate representation among the participating cities (PageID.5); (6) "offramping" at Central Station that "cuts . . . access" to downtown amenities (PageID.7); (7) the distance certain riders must walk from the nearest stop to various destinations (PageID.9) (8) the width and softness of bus seats (*id.*); (9) problems with the air conditioning at Central Station and the removal of tables and chairs from the Central Station lobby (*id.*); and (10) the terms of the employment contract of new ITP CEO (PageID.13, 14.)
>
> Miller also alleges that (1) GVSU bribed two GR Mayors (PageID.11); (2) GVSU created an unnecessary master's degree program with the GR mayor as chairperson (PageID.12); (3) the GR Mayor exploits Central Station for political "cronies" (*id.*); (4) ITP board has cut the number of meetings (id.); (5) the ITP held an "ambush" meeting to elect a new chair and approve a labor contract (PageID.13).

City's Amended Brief (ECF No. 21, PageID.85).

## II.     Defendants' motions to dismiss (ECF Nos. 9, 12, and 20)

All three defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction (plaintiff lacks standing because he failed to allege a particularized injury) and Fed. R. Civ. P. 12(b)(6) (plaintiff failed to state a claim upon which relief can be granted).

### A.     Fed. R. Civ. P. 12(b)(1)

Defendants contend that plaintiff lacks standing to bring this action and seek dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Whether a party has Article III standing is properly an issue of a court's subject matter jurisdiction under Rule

2

12(b)(1)." *Crookston v. Johnson*, 370 F. Supp. 3d 804, 807 (W.D. Mich. 2018). This Court addressed the issue of standing in its order dismissing plaintiff's previous lawsuit against the City:

> "The doctrine [of standing to sue] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see, e.g., Allen v. Write*, 468 U.S. 737, 751 (1984).
>
> "[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 556, 560 (1992)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*
>
> "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual imminent, not conjectural or hypothetical.'" *Id*. (citing *Lujan*, 504 U.S. at 560).
>
> For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way." *Id*. (quoting *Lujan*, 504 U.S. at 560 n.1). "An injury must also be 'concrete'"—that is, it "must be '*de facto*'" and "actually exist." *Id*.
>
> "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element [of standing]." *Id*. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). And, of course, a plaintiff "must demonstrate standing for *each claim* he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (emphasis added); *accord Town of Chester, N.Y. v. Laroe Estates, Inc.*, __ S Ct. __, 2017 WL 2407473, at *5 (2017).

*Miller v. City of Grand Rapids*, No. 1:17-cv-318 (ECF No. 7, PageID.59-60) (W.D. Mich. June 12, 2017).

Here, plaintiff arguably alleged that he suffered a "concrete and particularized" invasion of a legally protected interest when: (1) at a neighborhood summit, GVSU's security chief blocked plaintiff's leafleting and followed him around to ensure he didn't enter the summit (Compl. at PageID.10.); and (2) at that event, a Grand Rapids Police Department officer threatened

3

to arrest plaintiff if he "went further inside the gathering." (*Id.*). The balance of plaintiff's claims are neither "concrete" nor "particularized." Plaintiff's claims about the Grand Rapids transit system are complaints that "are not unique to him"; rather, these complaints could be "shared by a wide swath of the public." *See* City's Brief (ECF No. 21, PageID.86). In short, with the exception of the two claims regarding the security chief and the police offices, *anyone* could make the same complaints as plaintiff. A suit resting upon a "generalized grievance" is inconsistent with the framework of Article III because "the impact on [plaintiff] is plainly undifferentiated and 'common to all members of the public.'" *Lujan*, 504 U.S. at 575. "A federal court is not a forum for generalized grievances, and the requirement of such a personal stake ensures that courts exercise power that is judicial in nature." *Gill v. Whitford*, -- U.S. --, 138 S. Ct. 1916, 1929 (2018) (internal quotation marks omitted). Accordingly, defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should be granted as to all claims except for plaintiff's claims involving the GVSU security chief and the Grand Rapids Police Department officer.

### B. Failure to state a claim

Plaintiff's remaining claims against GVSU and the City should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

As discussed, it appears that plaintiff has met the standing requirement for his two claims involving the security chief and the police officer. In that respect, plaintiff alleged that:

> This March 3rd [2018], GVSU obstructed justice by instructing its security chief to block my Constitutional Leafleting of 500 2018 City hall Report cards (at a cost of $106 to this plaintiff [unintelligible] veteran) at a Grand Rapids city Saturday neighborhood summit of top neighborhood leaders and activists. Plaintiff was a duly registered neighborhood summiteer.
>
> The six officers in blue who eventually showed up were not registered summiteers. One GR cop threatened me with arrest if I went further inside the gathering. (The threat was videoed.) The GVSU security chief, who claims GVSU is private, picked up my trail again and stalked me the rest of my stay inside. City Hall's Kara Woods witnesses the stalking.

Compl. (ECF No. 1, PageID.10) (emphasis in original).

These threadbare allegations are not sufficient to state a cause of action against either GVSU or the City. Plaintiff does not allege where he attempted to distribute leaflets or that either GVSU or the City actually blocked him from handing out leaflets. As this Court observed in plaintiff's previous lawsuit against the City which involved threatening to arrest plaintiff for distributing leaflets, "the claim is a 'naked assertion devoid of further factual enhancement,' *Iqbal*, 556 U.S. at 678 (internal citation and quotation marks omitted)." *Miller*, 1:17-cv-318 (ECF No. 7, PageID.63). "[A]n unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. In this regard, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011),

5

"this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). For these reasons, defendants' motions to dismiss should be granted.

### III.  RECOMMENDATION

For these reasons, I respectfully recommend that defendants' motions to dismiss (ECF Nos. 9, 12 and 20) be **GRANTED** and that this action be **DISMISSED**.

Dated: August 7, 2019                                /s/ Ray Kent
                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).